POLISH UNION OF THE UNITED STATES OF NORTH
AMERICA v. TEOFILA KRUSZEWSKI AND OTHERS.[1]

May 13, 1927.

No. 25,812.

**Cause of action for foreclosure of mortgage accrued within statutory limit.**
    Real estate mortgage construed and held to show, upon its face, the
    time of the maturity of the debt secured, and that the statute of limi-
    tations commenced to run from that time, and that the evidence war-
    rants the findings which sustain the judgment.

Mortgages, 27 Cyc. p. 1560 n. 63.

Defendant Teofila Kruszewski appealed from a judgment of the
district court for Ramsey county, Olin B. Lewis, J.   Affirmed.
    *Rosenthal & Danz,* for appellant.
    *Harry W. Oehler,* for respondent.

QUINN, J.
Action to foreclose a mortgage upon certain real estate in Ramsey
county, executed by Andrew Kruszewski, widower, on May 28, 1908,
for $2,000, in favor of the respondent.   On December 5, 1908, the
mortgagor paid $500 on such mortgage indebtedness.   Subsequently
Kruszewski remarried the appellant, Teofila Kruszewski.   On April
22, 1918, the mortgagor died testate in Ramsey county.   On June 9,
1919, the mortgaged premises were duly assigned by a final decree
of the probate court to appellant for life, remainder to decedent's
blood relatives, Alexander, Praxeda, Wladyslawa, and Irene Krus-
zewski, share and share alike.

This action was commenced on May 29, 1925, to foreclose such
mortgage.   On November 27, 1925, the life tenant, appellant, and the
defendants, Alexander, Wladyslawa and Irene, paid plaintiff the sum
of $1,125 on the mortgage and received a partial release of the un-
divided one-fourth interest of each of such defendants and the un-

[1]Reported in 213 N. W. 913.

divided three-fourths interest of the life tenant, with a stipulation that the foreclosure proceeding be dismissed as to them upon the merits with the right in plaintiff to file a supplemental complaint and continue the action to foreclose upon the interest of the defendant Praxeda Kruszewski Schleif and her husband, and the undivided one-fourth interest of the life estate of appellant.

The cause was tried upon the supplemental complaint so filed and the answer thereto before the court without a jury. Findings were made and judgment ordered in favor of the plaintiff to the effect that there is due and owing upon the undivided one-fourth interest of Praxeda Schleif and the undivided one-fourth interest of the life estate of appellant the sum of $375 and interest thereon at five per cent per annum from November 20, 1924, and a proportionate amount of the sum of $75, stipulated as attorney's fees in the mortgage. From a judgment entered upon such findings this appeal was taken.

The only question for determination upon this appeal is whether the evidence justifies the judgment. It is contended on behalf of appellant that respondent's cause of action did not accrue within fifteen years before the commencement of the action and therefore the same is barred by the statute of limitations, L. 1907, p. 225, c. 197, now G. S. 1923, § 9189, which provides that the time to foreclose shall begin to run from the date of the mortgage unless the time of maturity of the debt is "clearly stated" in the mortgage; and the only question is whether the time of maturity is so stated in the mortgage. The note is not before us.

The mortgage is dated May 28, 1908. It is given to secure $2,000 with interest before and after maturity at five per cent per annum according to the conditions of one promissory note for $2,000 and ten interest coupons, each for $50 and each for a semi-annual payment of interest, all bearing even date with the mortgage. Anyone reading the mortgage would understand that the note matured in five years. The later provision assigning rents becoming due between the date of the mortgage and May 28, 1912, and until the

mortgage debt was paid, does not render the prior statement of the date of maturity uncertain.

The findings of the trial court are sustained by the evidence, which amply justifies the judgment.

Affirmed.